IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA DEL RASARIO OROSCO, #14231-078,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN ESTELLE DERR,<br><br>Respondent. | CIVIL NO. 22-00524 SOM-WRP<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

### ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application") filed by pro se Petitioner Maria Del Rasario Orosco ("Orosco").  ECF No. 3.  Orosco is currently incarcerated at the Federal Detention Center in Honolulu, Hawaii (FDC Honolulu).  *See* ECF No. 1 at 1; Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "14231-078"; and select "Search") (last visited Jan. 10, 2023).  The IFP Application is DENIED because Orosco has failed to show that she is unable to pay the $5.00 fee associated with this action.

Section 1915(a)(1) generally provides that "any court of the United States may authorize the commencement . . . of any . . . action . . . without prepayment of

fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007). "The right to proceed in forma pauperis is not an unqualified one[.]" *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citation omitted). As the Ninth Circuit has stated, "[i]t is a privilege, rather than a right." *Id.* (citation omitted). "[T]he privilege of proceeding in forma pauperis is a matter within the discretion of the trial court." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963); *Gibbs v. Shasta Cnty.*, 2020 WL 3977596, at *2 (E.D. Cal. July 14, 2020).

Although "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute," *Jefferson*, 277 F.2d at 725, "[i]t is well established that, to obtain this privilege, a litigant must demonstrate to the court's satisfaction the inability to prepay," *Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). Relevant considerations include, among other things, an inmate's income, account balance, and account activity, and any hardship that would result from paying the fee. *Id.*; *Martin v. Csaa Ins. Exch.*, 2017 WL 11493382, at *1 (N.D. Cal. Aug. 23, 2017) ("Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." (quotation marks and citation omitted)).

Here, Orosco states in the IFP Application that she receives monthly employment income totaling $20.00, and a prison official certified that Orosco currently has $94.49 on account. ECF No. 3 at 1–2. The prison official further certified that the average monthly deposits to Orosco's account during the past six months totaled $72.76. *Id.* at 2. On top of this, Orosco states that no one is dependent on her for support. *Id.* at 1. Finally, the court notes that Orosco's personal expenses beyond this action are paid by the government. *See Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (noting that "prisoners have limited overhead"); *Hodges v. Cir. Ct. of Second Cir.*, 2019 WL 6311986, at *2 (D. Haw. Nov. 25, 2019) ("As a prisoner whose basic needs are subsidized by the State, [the plaintiff] does not qualify as a pauper and his IFP Application is DENIED.").

Given the foregoing, Orosco has failed to show that she is unable to pay the $5.00 fee associated with this action. The IFP Application is therefore DENIED. Orosco is DIRECTED to submit $5.00, representing the filing fee for commencing this action, on or before February 9, 2023. Failure to do so will result in AUTOMATIC DISMISSAL of this

action without prejudice for failure to prosecute or follow a court order. *See* Fed. R. Civ. P. 41(b). In the ALTERNATIVE, Orosco may voluntarily dismiss this action by filing a notice of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

    IT IS SO ORDERED.

    DATED: January 10, 2023, at Honolulu, Hawaii.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge